## William H. Bradley, Appellee, v. Joseph D. Hubbard, Appellant.

### Gen. No. 22,896.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. WIL-LIAM FENIMORE COOPER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Reversed and remanded. Opinion filed December 21, 1917. Rehearing denied January 2, 1918.

### Statement of the Case.

Action by William H. Bradley, plaintiff, against Joseph D. Hubbard, defendant, in assumpsit. From a judgment for plaintiff, defendant appeals.

WINSTON, PAYNE, STRAWN & SHAW, for appellant; EDWARD W. EVERETT and WALTER H. JACOBS, of counsel.

ZANE, MORSE & McKINNEY, for appellee; JOHN M. ZANE, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

### Abstract of the Decision.

1. EVIDENCE, § 167*—*what is not evidence of acquiescence in facts stated in letter*. The mere fact that a letter received is not answered is not evidence of acquiescence by the party receiving it in the fact stated in it.

2. EVIDENCE, § 164*—*when letter is not admissible in evidence*. A letter is not admissible in evidence on behalf of the writer merely because it was in reply to a letter from another party.

3. EVIDENCE, § 165*—*what does not make self-serving letter admissible*. A self-serving letter written by one party is not made admissible in evidence on his behalf by his first offering in evidence a self-serving letter written by another party to which the former letter was a reply.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. EVIDENCE, § 164*—*when reply to letter operating as admission against interest is inadmissible.* Although defendant's letter was admissible in evidence when offered by plaintiff as an admission against interest, such admission would not make competent or relevant plaintiff's reply thereto when offered by him.